## John B. Greely *vs.* Rufus Dow.

Where the payee of a note, in consideration of receiving part payment thereof from the principal promisor before the day on which it is made payable, agrees to give him time, beyond that day, for payment of the residue, without the consent of the sureties on the note, the sureties are thereby discharged.

It is not necessary, in order to discharge a surety, that the agreement of the creditor, with the principal debtor, to enlarge the time of payment, should be such as would bar a suit commenced on the original contract within the enlarged time: Any such agreement, on which the principal has a remedy against the creditor, either at law or in equity, will discharge the surety.

In an action by the payee against one of the sureties on a note, the principal promisor, and also the other surety, are competent witnesses for the defendant, to prove that the sureties have been discharged by the plaintiff.

Assumpsit on a promissory note for $35, dated October 12th, 1839, payable in sixty days, and signed by John W. S. Goodwin, as principal, and by the defendant and Gilman Dow, as sureties. The promisors all resided in New Hampshire, and service was made on the defendant only.

At the trial in the court of common pleas, before *Williams*, C. J. the execution of the note was admitted. The judge received in evidence (the plaintiff objecting thereto) the depositions of Goodwin and G. Dow, the other promisors, to prove the discharge of the sureties, viz. the defendant and said G. Dow. These depositions tended to prove that the plaintiff agreed with the said Goodwin, that if he would pay part of the sum for which the note was given, before the note should become due, the plaintiff would enlarge the time of payment of the residue four weeks beyond the day stipulated in the note ; and that said Goodwin paid part of said note to the plaintiff accordingly.

The judge instructed the jury, that if they were satisfied, from the evidence, that the plaintiff agreed with Goodwin, the principal in said note, that if Goodwin would pay him a part of said note before the same became payable, he would wait for the remainder four weeks after it should become due ; and that Goodwin, pursuant to such agreement, did pay such part within the agreed time ; such agreement was founded on a valuable

consideration, and operated as a discharge of the sureties, and as a bar to this action.

A verdict was returned for the defendant, and the plaintiff alleged exceptions to the ruling and instructions of the court.

*Marston*, for the plaintiff. The deposition of G. Dow, the defendant's co-surety, was not admissible. The deponent was interested, as he would be liable to the defendant for contribution, if the defendant should be charged in this action. Both depositions should have been rejected, as they were offered for the purpose of varying a written contract, by parol evidence. Bayley on Bills, (1st Amer. ed.) 336, 337.

The consideration of the new agreement between Goodwin and the plaintiff was not such as to affect the sureties. It was a collateral promise and would not have barred a suit against Goodwin, the principal. *Dow* v. *Tuttle*, 4 Mass. 414.

Mere delay to proceed against the principal does not discharge the surety. *Hunt* v. *Bridgham*, 2 Pick. 581. *Oxford Bank* v. *Haynes*, 8 Pick. 423. *Central Bank* v. *Willard*, 17 Pick. 150. Chit. Con. (Perkins's ed.) 421. *Blackstone Bank* v. *Hill*, 10 Pick. 129.

*Cross*, for the defendant. 1. The facts, if well proved, establish a good defence. A valid agreement not to enforce payment from the principal, according to the terms of his contract, discharges the surety. *Boston Hat Manufactory* v. *Messenger*, 2 Pick. 233. *Commercial Bank* v. *Frenck*, 21 Pick. 489. *Kennebec Bank* v. *Tuckerman*, 5 Greenl. 130. *Grafton Bank* v. *Woodward*, 5 N. Hamp. 99. *Wheat* v. *Kendall*, 6 N. Hamp. 504. *Deming* v. *Norton*, Kirby, 397. The agreement in this case was valid between the parties thereto. It was on a sufficient consideration, viz. the payment of part before it was payable. It was not necessary, in order to discharge the surety, that the agreement should be such as would bar a suit against the principal, if commenced on the original contract before the expiration of the four weeks. [See *Norton* v. *Roberts*, 4 Monr. 498.]

2. The facts were well proved. The deponent, Goodwin, was neither a party to the suit, nor interested in the event there

of. *Barker* v. *Prentiss*, 6 Mass. 430. *Parker* v. *Hanson*, 7 Mass. 470. *Baker* v. *Briggs*, 8 Pick. 122. G. Dow, the co-surety, was also a competent witness. *York* v. *Blott*, 5 M. & S. 71. His liability arises from the origina! contract, and not from a judgment against the other surety. A voluntary payment by the defendant, would be as good a ground for contribution, as a compulsory payment on execution.

The evidence was not received to vary a written contract, but to show a discharge of the defendant from that contract.

SHAW, C. J. It is now too late to be questioned, that if the holder of a promissory note, by a legal and binding contract with the principal, extend the time of payment beyond the day fixed by the note, without the consent of the surety or indorser, it is a discharge of the surety, at law as well as in equity. *Boston Hat Manufactory* v. *Messenger*, 2 Pick. 233. *Gahn* v. *Niemcewicz*, 11 Wend. 317. *Clarke* v. *Henty*, 3 Younge & Collyer, 187. 3 Stark. Ev. 1390, and *note*. The principle of this rule is, that by the enlargement of the time of payment, the contract is altered, the responsibility of the surety would be enlarged by it, and he has a right to say, that this is not the contract into which he entered.

But it was argued in the present case, that as the contract for enlarging the time was collateral merely, and would not bar an action, if brought after the day of payment and within the enlarged time, it did not affect the right of the surety. But the court consider that this would be too narrow a view of the effect of such contract. If the holder of the note has contracted to enlarge the time, he is bound by it ; whether it is treated as a collateral undertaking upon which the legal remedy is to be sought at law, as in *Dow* v. *Tuttle*, 4 Mass. 414 ; or whether the remedy of the promisor is in equity for a specific performance ; or whether the contract for an enlargement of the time of payment contains the stipulation, that, if violated, it shall enure by way of release ; it makes no difference to the surety. The holder of the note has a perfect right to enter into stipulations with the promisor, in regard to the time and mode of payment. Such stipulation, as between them, is a valid and binding con

tract for further time, bearing directly on the contract, which he has no right to say, in an action against the surety, he did not intend to fulfil ; and therefore the surety may avail himself of it, as a substantive alteration of the contract, and insist on his discharge.

Then the question recurs, upon the other part of the case, whether there was such a contract, in the present case, for enlarging the time. It appears by the verdict, that the jury, under the instructions given them, found that the plaintiff agreed with the promisor on the note, that if he would pay a part of the amount before the day of payment, he should have time, for a stipulated term after the day, for the payment of the residue ; and that, in pursuance of this agreement, he paid the stipulated part, before the note was due. We concur in the opinion of the chief justice of the court of common pleas, that this was a promise made on a good consideration, and operated as a valid and legal contract for an enlargement of the time for payment of the balance. The payment of money before it is due is both a benefit to the creditor, and an inconvenience to the debtor ; and in both respects is a good consideration for a promise.

Another question arose, as to the competency of the witnesses. The objection to Goodwin, the principal promisor, is not now relied on ; he being liable, at all events, for the whole. But the exception is to Gilman Dow, a co-surety with the defendant. That the fact, which he was called to testify, would, in a suit against himself, be a bar for him as well as the present defendant, is very obvious. But it is now well settled, whatever doubts may have been formerly entertained, that the interest, which renders a witness incompetent, is an interest in the event of the suit, and not an interest in the question. *Bent* v. *Baker*, 3 T. R. 27. *Smith* v. *Prager*, 7 T. R. 60. In the present case, the witness was called by the defendant. But if the defendant succeeds in his defence, the verdict and judgment will be no bar in an action by the plaintiff on the same note against the witness. If the plaintiff recovers judgment in the present action, and obtains satisfaction, the defendant will, in addition to his remedy against the principal for an entire reimbursement, have an ac-

tion against the witness for a contribution, to the amount of one half the sum paid, exclusive of costs. But this liability would arise from the payment, not from the judgment. On the contrary, should the witness pay the whole amount, he would have the like remedy against the principal for reimbursement, and against the present defendant, his co-surety, for contribution ; and a judgment for the defendant, in this suit, would be no bar to such an action for contribution. It appears to us, therefore, that the legal rights and liability of the witness can in no way be affected by the event of this suit, and therefore that he was a competent witness. *York* v. *Blott,* 5 M. & S. 71.

*Exceptions overruled.*